No. 71.—LOCKHART & THREEWITS, plaintiffs in error, *vs.* ELF TINLEY, defendant in error.

[1.] The Act of January 22d, 1852, by its phraseology and plain terms, was not intended to have retrospective application to judgments rendered before its passage.

Claim, in Marion Superior Court. Tried before Judge CRAW-FORD, March Term, 1854.

A *fi. fa.* in favor of Lockhart & Threewits *vs.* James Norris, was levied on a lot of land; Tinley interposed a claim. The land belonged to Norris, the defendant in *fi. fa.* subsequent to the judgment. Tinley was a *bona fide* purchaser from him, without notice, and had possession more than *four*, but less than *seven* years before the levy. Under the Act of January 22d, 1852, he was protected; under the law prior to that Act, he was not protected. The sole question was, whether that Act had a retroactive operation, so as to effect cases where the *four* years had expired. The Court below held that it did, and so charged the Jury. This decision is assigned as error.

TUCKER, for plaintiffs in error.

A. ROBINSON and E. R. BROWN, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] On the 22d of January, 1852, an Act of our Legisla-

Lockhart & Threewits *vs.* Tinley.

ture was approved, which declared : "That from and after the passing of this Act, no judgment rendered in any of the Courts of this State, shall be enforced by the sale of any property, real or personal, which the defendant has sold and conveyed to a purchaser for a valuable consideration, and without actual notice of such judgment: provided such purchaser, or those claiming under him by such sale and conveyance, have been in peaceble possession of such real estate for four years, and of such personal property, for two years before the levy shall have been made thereon".

In this case, the defendant in error, a purchaser without notice, had been in possession more than four years before the levy, but not for seven years, which is the period of possession necessary for his protection, unless the above Act is applicable to his case.

It is unnecessary for us to decide, whether or not the Legislature may properly pass an Act like the above, for the purpose of operating upon judgments existing at the time of its passage, for this is no such Act.

In the case of *Griffin vs. McKenzie*, (7 *Ga. R.* 161,) this Court held, that such an Act, operating on the remedy only, and not upon the contract, was not unconstitutional.

In our opinion, the present question is determined by the phraseology of the Act itself—its plain terms. Let us paraphrase the language somewhat, and read it thus: "No judgment, rendered in any of the Courts of this State, from and after the passage of this Act, shall be enforced", &c. and the meaning becomes strikingly obvious. Whether or not the Legislature had the power to give the Act a retrospective operation, these terms show that they have not done so; and therefore, the Act does not apply to the case at bar.

The language of the Act of 1822, upon which the case of *Griffin vs. McKenzie* was placed, was very different in its tenor. The third section of that Act, in direct terms, applied to judgments that "have been, or may be rendered, in any of the Courts of this State", &c. And the language of the fourth

section. (the one immediately applicable to that case) was, "that no judgment should be enforced by sale of any real or personal estate, which the defendant may have sold and conveyed to a purchaser", &c. It does not say, " no judgment rendered, from and after the passing of this Act", &c. as does the Act of 1852, now before us.

For the reason given, we affirm the judgment of the Court below.